### No. 2689.—S. D. MOORE *v.* W. MAYO GRAY.

The privilege of the lessor on the crop made on the plantation for the year, and that of the furnisher of supplies to make the crop are concurrent.

Before the passage of the act of 1867, the laborers on the plantation had n privilege on the crop to secure their wages, so, in this case, when the crop was made in the year 1866, no lien or privilege can be set up on the crop or its proceeds by the laborers who made it.

The lien of the laborers who have made the crop under contract for a portion thereof, is inferior, in rank, to that of the lessor and the furnisher of supplies.

In this case the planter had to his credit on the books of his merchant a certain amount of money. He purchased his supplies or the plantation from the merchant, with other articles of merchandise not entitled to a privilege. On trial the judge *a quo* instructed the jury to impute this credit to that portion of the account of the planter which was privileged. Held—That the judge erred; that the moment the debt reached the amount of the credit, compensation took place; that by operation of law the credit became extinguished, regardless of the question of privilege.

APPEAL from the Fifth District Court, parish of East Feliciana. *Posey, J. Cross & Hardee* and *Race, Foster and E. T. Merrick,* for plaintiffs and appellants. *D. J. Wedge* and *Kernan & Lyons,* for intervenors and appellants. *McVea & Hunter,* for Mrs. Atkinson, intervenor and appellee.

WYLY, J. This is a contest between the furnisher of supplies, the lessor, and the laborers for fourteen bales of cotton, seized as the property of the defendant, raised upon the plantation leased by him from Mrs. Atkinson, in the year, 1866.

Plaintiff sued the defendant for supplies furnished him to work the

plantation, amounting to $1691 69, on which payments were made, leaving a cash balance of $1280 69, and he sequestered the fourteen bales of cotton found on the premises.

Mrs. Atkinson intervened, claiming the amount of rent due her for the lease of the plantation and her privilege on the crop.

The freedmen who cultivated the crop or who worked the plantation, also intervened, claiming that under the contract by which they were employed by the defendant, Gray, as laborers on the plantation that year, (1866), they were to be supplied with clothes and rations and were to receive one-fourth the crops of cotton, corn and potatoes raised on the place by their labor.

The case was tried by a jury, and on their verdict judgment was rendered for plaintiff for $1280 69 and interest, with a privilege as furnisher of supplies for $558 34 on the fourteen bales of cotton seized; and also in favor of the intervenor, Mrs. Atkinson, for $1780 00 and interest, with lessor's privilege on the cotton seized; it was also ordered that the two privileges named be concurrent; and it was further ordered that the demand of the laborers be rejected.

The plaintiff and the laborers appealed.

An examination of this case leads us to the conclusion that there is no error in the judgment, except as to the amount of plaintiff's privilege. We find the following stipulation in the contract between the laborers and the defendant, upon which they base their rights : "The party of the first part agrees to furnish rations to his employes for the year at the rate of four pounds of pork and one peck of meal to each effective hand, weekly, and also to supply them with such clothing as is necessary during said year; and, furthermore, he agrees to give them the one-fourth of the net proceeds of the cotton, and one-fourth of the corn and potatoes raised on said plantation after the whole of the crops are gathered."

From this clause of the contract it is evident that the laborers might take a share (one-fourth) of the corn and potatoes, in kind, but they could not do so out of the cotton. They could not take a share of the cotton ; they were only to have a share (one-fourth) of the net proceeds of the cotton in remuneration for their services.

Now it matters not what position the laborers take, whether they claim the cotton as partners, or whether they claim one-fourth of its net proceeds as their wages; in either case their claims must yield to those of the lessor and the furnisher of supplies who have liens on the cotton produced.

If they set up a claim on the cotton for their hire, it can not avail them, because they had no lien on the crop for their wages at the time their contract of hire was made, which was in March, 1866. It was not till 1867 that an act was passed giving the laborers a lien for their wages on the crops produced by their labor.

As ordinary creditors, of course, they can not compete with the privilege creditors in this case. If their claims are based on a partnership, their rights to a share of the cotton must yield to the privilege of the plaintiff who furnished the supplies to produce it, and also to the intervenor, Mrs. Atkinson, who, as lessor, has both a privilege and pledge upon the products of her plantation leased by the defendant.

It matters not what partition the joint owners may have made of the products, the lien of the lessor remained upon them as long as they remained upon the premises, and the lien of the furnisher of supplies also remained upon them, whether held in indivision or whether divided among the partners.

The attempted seizure of the cotton by the agent of the freedmen's bureau, after it had been sequestered by the plaintiff, in no manner affected the legal rights of the parties. That seizure was released, and the laborers came, as intervenors, into this case to assert their legal rights, which, they contend, are superior to those of their competitors, but which, we think, they have failed to establish.

The complaint of non-joinder of all the laborers who were joint obligors in the contract with the defendant, comes too late; it should have been pleaded *in limine litis.*

As to the amount for which the plaintiff was adjudged a privilege creditor, we think there is error. He had judgment for $1280 69, with the privilege of a furnisher of supplies for $558 34 thereof, on the cotton seized. An examination of the account satisfies us that about two-thirds of the items thereof may be considered as plantation supplies. According to our estimate, the plaintiff should have a privilege on the cotton for $853 33⅓ of his claim.

The instruction of the judge to the jury which was excepted to, viz: that they should impute the $400 00 credit to the part of the account which had a privilege on the crop, we think erroneous. The credit was given before the account was made, and the moment the defendant became indebted to the plaintiff to the amount of the credit, compensation took place—it matters not whether the debt was a privilege one upon the cotton or not. The question of imputation of payment is not in the case. There was no payment of a debt made by the defendant; he simply had to his credit on the books of the plaintiff, $400 00 before he owed him; when he became indebted $400 00, the credit, at once, by operation of law, became extinguished, regardless of the question of privilege. In other respects we think the judgment correct.

It is therefore ordered that that part of the judgment allowing the plaintiff the privilege of a furnisher of supplies for the amount of $558 34 be amended so as to amount to $853 33⅓, and, as thus amended, that the judgment be affirmed with costs.